IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TODD COOKS | ) | |
| a/k/a MA'ALUUM ABDULLAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-1288-D |
| | ) | |
| JOHN WHETSEL, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by

United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B).  Judge

Mitchell recommends the dismissal of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

for failure to state a claim upon which relief can be granted.  Plaintiff has filed a timely written

objection.  Thus, the Court must make a *de novo* determination of the portions of the Report to

which specific objection is made, and may accept, modify, or reject the recommended decision.  *See*

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks injunctive relief and

damages under 42 U.S.C. § 1983 based on alleged unconstitutional conditions of confinement at the

Oklahoma County Detention Center (OCDC) or jail.  The sole defendant is Sheriff John Whetsel,

who has moved for dismissal under Fed. R. Civ. P. 12(b)(6) in both his individual and official

capacities.[1]   Plaintiff's claims arise from his OCDC detention for approximately two months

---

[1]  Other defendants appear on the docket sheet because they were named in an amended complaint
filed June 25, 2012.  Plaintiff filed this amended pleading without authorization, and it was stricken by the
previously assigned magistrate judge on July 19, 2012.  These persons were never served with process, and
are not currently parties.

between September, 2011, and November, 2011.[2] Plaintiff complains of numerous issues, presented

under three general claims:  unsanitary housing conditions constituted cruel and unusual punishment

in violation of the Eighth Amendment; disparate treatment between some jail inmates and others

who are housed under contract with the Oklahoma Department of Correction violated the Equal

Protection Clause; and "Inmate Rights" regarding administrative grievances, established by the

OCDC handbook, were violated.  *See* Compl. [Doc. No. 1] at 6.  Arguably contained within

Plaintiff's allegations is a claim of inadequate law library services or legal assistance.[3]

Following service of process and filing of a special report pursuant to *Martinez v. Aaron*, 570

F.2d 317 (10th Cir. 1978), Defendant Whetsel moved to dismiss the Complaint for failure to state

a § 1983 claim against him individually due to a lack of personal participation in the alleged

wrongdoing, and against him as county sheriff due to a lack of official policy or custom behind the

alleged violations.  Defendant Whetsel also asserted that Plaintiff lacked standing to assert other

inmates' rights, that Plaintiff had not satisfied the administrative exhaustion requirement of

42 U.S.C. § 1997e with respect to certain issues, that Plaintiff's allegations were insufficient to state

a constitutional claim, and that Plaintiff's claims were "moot" due to his discharge from OCDC.

Judge Mitchell, in a thorough 25-page report, conducts a careful review and analysis of the

issues.  Concerning administrative exhaustion, Judge Mitchell properly notes that consideration of

materials outside the Complaint would require converting Defendant's Motion as one for summary

judgment under Fed. R. Civ. P. 56.  Regarding the sufficiency of the Complaint, Judge Mitchell

---

[2] Although these dates do not appear in the Complaint, they are contained in Plaintiff's inmate record filed with the Special Report, and are undisputed.  Plaintiff recites similar dates in his affidavit filed in response to Defendant's Motion to Dismiss.  *See* Pl.'s Resp. Br., Ex. 21 [Doc. No. 41-3, page 20], ¶¶ 2-4.

[3] The Court is cognizant that Plaintiff is entitled to a liberal construction of his *pro se* pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

correctly observes that Defendant's Motion requests a determination of this issue and that the Court has a duty under 28 U.S.C. § 1915A and § 1915(e)(2)(B) to determine at an early stage whether an actionable claim is presented.

Applying Rule 56 standards, Judge Mitchell finds that Plaintiff failed to exhaust any claim based on unclean showers, pest infestation (gnats), and inadequate laundry services, and that summary judgment should be granted on these issues pursuant to § 1997e(a).  Addressing the sufficiency of Plaintiff's allegations to state a claim against Defendant Whetsel, Judge Mitchell finds a failure to identify any policy or custom that would permit an official-capacity action against Sheriff Whetsel, and a failure to allege any personal involvement in an alleged deprivation that would create individual liability.  Considering the substance of the constitutional claims, Judge Mitchell also finds Plaintiff's factual allegations fail to state an Eighth Amendment violation, an Equal Protection claim, or a denial of access to the courts, and that there is no constitutional right to an administrative grievance procedure.  Further, Judge Mitchell recommends that leave to amend the Complaint should be denied because the additional allegations supplied by Plaintiff in his numerous filings in the case demonstrate a futility of amendment.

### Plaintiff's Objection

In a similarly detailed, 50-page objection, Plaintiff challenges the recommended decision in almost every respect.  However, to the extent Plaintiff purports simply to incorporate prior filings, *see*, *e.g.*, Pl's Objection [Doc. No. 55] at 2, or recites general legal principles, *see,* e.g., *id*. at 27-29, Plaintiff fails to state a specific objection, and these portions of Plaintiff's objection are disregarded.[4]

---

[4]  The court of appeals has adopted a firm waiver rule, under which "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir.
(continued...)

Regarding administrative exhaustion, Plaintiff challenges the completeness and accuracy of

the Special Report with regard to the administrative grievance process and Plaintiff's submissions.

He does not specifically address the three grievances that Judge Mitchell finds were unexhausted

because no formal grievance was filed (gnats) or because the final step, which requires an appeal

to the jail administrator, was not completed (unclean shower and laundry). Plaintiff instead argues

an appeal should be excused because no appeal forms were provided. Upon *de novo* consideration

of the exhaustion issue, the Court finds that the unexhausted grievances do not represent distinct

§ 1983 claims but merely provide support for Plaintiff's claim that his conditions of confinement

violated the Eighth Amendment. As interpreted by the Supreme Court, the exhaustion requirement

of § 1997e(a) adopts a "claim-by-claim" approach. *See Jones v. Bock*, 549 U.S. 199, 224 (2007).

Because Judge Mitchell considers the sufficiency of Plaintiff's Eighth Amendment claim, the Court

finds that administrative exhaustion is not dispositive of any § 1983 claim and need not be decided.

Regarding § 1983 claims against Defendant Whetsel, Plaintiff disputes Judge Mitchell's

findings both that the allegations of his pleading are insufficient and that the deficiencies could not

be cured by amendment. Upon *de novo* consideration, the Court finds the Complaint contains no

factual allegations to suggest either that Defendant Whetsel was personally involved in the alleged

deprivations or that an official policy caused the deprivations. It is less clear whether Plaintiff could

supply additional allegations that might cure these deficiencies. Plaintiff persists in arguing,

incorrectly, that Sheriff Whetsel may be held liable under § 1983 based on his statutory duties under

state law. However, Plaintiff also notes a history of criticism of OCDC conditions and critical

---

[4](...continued)
1996). The consequence of Plaintiff's failure to address a specific issue is a waiver of further review with
respect to that issue. *See id.*; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

findings by the Department of Justice, from which he seems to argue either that Sheriff Whetsel

personally knew about complained-of jail conditions or that long-standing problems represent a *de

facto* policy or custom.  While past criticisms appear to encompass only some or the matters raised

in Plaintiff's Complaint, the Court elects to consider the ultimate issue of whether a constitutional

violation is alleged.

Regarding unconstitutional housing conditions, Plaintiff presents a litany of complaints about

alleged unsanitary or unhealthy conditions at OCDC, including a lack of holding cells with restroom

facilities, overcrowded cells, a lack of cleaning supplies, mildewed showers, and stained clothing.

Upon *de novo* consideration, the Court concurs in Judge Mitchell's finding that Plaintiff fails to

describe inhumane conditions that might violate Eighth Amendment standards under *Rhodes v.

Chapman*, 452 U.S. 337, 347 (1981).  The Court also concurs in the finding that Plaintiff has failed

to allege facts that would establish deliberate indifference to his health or safety, as required by

*Wilson v. Seiter*, 501 U.S. 294, 303 (1991), and *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).[5]

Regarding denial of access to the courts, Plaintiff complains that OCDC did not provide legal

materials or assistance needed to pursue his § 1983 claims in this case.  However, Judge Mitchell

properly notes that a constitutional claim arises where the alleged shortcomings hinder an inmate's

efforts to pursue a nonfrivolous legal claim.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Plaintiff

was transferred out of OCDC approximately three weeks after this action was filed.  No deficiency

in OCDC's law library or resources could possibly have prevented Plaintiff from pursuing this case

or caused its dismissal, as argued in his objection.

---

[5]   In reaching these conclusions, the Court has considered both the factual allegations of the
Complaint and the additional facts supplied by Plaintiff in the affidavit he submitted to avoid dismissal, *see
supra* note 2, in order to gauge the possible sufficiency of any amendment.

Regarding Plaintiff's remaining claims concerning the OCDC grievance system and Equal Protection, the Court adopts Judge Mitchell's analysis.   An inmate has no independent constitutional right to administrative grievance procedures, and Plaintiff's conclusory allegations that two groups of OCDC inmates were treated differently does not state a plausible § 1983 claim.

Finally, Plaintiff's most insistent objection, argued repeatedly throughout his brief, is that he should receive an opportunity to amend his Complaint.  Plaintiff previously filed an amended complaint, which was stricken, and he filed a motion for leave to amend shortly before filing his response to Defendant's Motion to Dismiss.  As noted above, Judge Mitchell recommends that leave to amend be denied.  In considering this issue, the Court assumes Plaintiff's proposed amendment would be similar to the one that was stricken, and would contain factual allegations like the ones stated in the affidavit that accompanied his response brief.[6]  Upon consideration, the Court finds that Plaintiff has received ample opportunity in this case to articulate a plausible claim, and no further amendment is warranted.  In an abundance of caution, however, the Court will order a dismissal without prejudice to refiling, to avoid possible claim preclusion in the future.

### Plaintiff's Motion to Appoint Counsel

With his objection, Plaintiff also filed a Motion for Appointment of Counsel [Doc. No. 56].[7] The Court has discretion to request an attorney to represent a civil litigant who is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(1); *see also Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).  Upon consideration, the Court finds that Plaintiff has demonstrated sufficient skill

---

[6] Identical facts are stated in the stricken pleading and Plaintiff's affidavit.  *Compare* Amended Complaint [Doc. No. 26], ¶¶ 12-119, *and* Pl.'s Resp. Br., Ex. 21 [Doc. No. 41-3, page 20], ¶¶ 1-107.

[7] He previously filed a similar motion, which Judge Mitchell denied by separate order.  *See* Order 2/19/13 [Doc. No. 50].

and ability to present his claims, and the issues are not sufficiently complex to warrant the assistance of counsel.  Accordingly, after considering factors bearing on the need to appoint counsel, *see Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995), the Court finds that Plaintiff's Motion should be denied.

## Conclusion

Upon *de novo* review of the issues, the Court fully concurs in Judge Mitchell's finding that the Complaint should be dismissed for failure to state a § 1983 claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court further finds that leave to amend should not be granted and that all pending motions filed by Plaintiff should be denied.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 51] is ADOPTED and Defendant John Whetsel's Individual and Official Capacity Motion to Dismiss [Doc. No. 21] is GRANTED, as set forth herein.  The Complaint is DISMISSED without prejudice. Judgment shall be entered accordingly.  All other pending motions [Doc. Nos. 29, 34, 35, and 56] are DENIED.

IT IS SO ORDERED this 29th day of March, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE